IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CERTIFIED ENGINEERING SYSTEMS, INC., <br><br>     Plaintiff, <br><br><br><br>       vs. <br><br><br> NATIONAL CITY COMMERCIAL CAPITAL COMPANY LLC, <br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br><br><br><br> Case No. 2:07-CV-293 TS |

This matter is before the Court on Defendant National City Commercial Capital Company, LLC's ("National") Motion for Partial Summary Judgment.[1]  National was sued by Plaintiff Certified Engineering Systems, Inc. ("CES") after National allegedly breached its contractual obligations by delivering defective products.  National filed a counterclaim, alleging that CES had failed to pay it for the products received.  National now argues that it is entitled to summary judgment on its counterclaim and to receive the balance due for delivery of its products to CES.  CES argues that no balance is due because it is entitled to deduct the damages it incurred because

---

[1]Docket No. 61.

1

the products delivered were defective.  The Court finds that there are many material facts which remain in dispute and will, therefore, deny the Motion for Partial Summary Judgment.

## I.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[2]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## II.  FACTUAL BACKGROUND

CES and National entered into a contract, wherein National was to provide CES with 300 used Xerox machines for a fixed per-unit price.  Leading up to the execution of the contract, various representations were made by National to CES regarding the state of the Xerox machines.  Between March and May, 2006, 292 of 300 Xerox machines were delivered to CES.  The total contract price for the Xerox machines was approximately $1,575,000.  CES, however, paid only $1,143,750 to National.  CES now claims that the machines were delivered to the wrong place and that the quality of the machines was far below what was represented by National.  National disagrees and alleges that CES received the machines it contracted for, but refuses to pay the agreed-upon price.

---

[2]See Fed. R. Civ. P. 56(c).

[3]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4]See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

III.  DISCUSSION

A transaction in Xerox machines is a transaction in goods, as defined by the Utah Code.[5]  The transaction is therefore governed by the Utah Uniform Commercial Code ("UCC") Article 2.[6]  UCC Article 2 provides remedies for nonconformity of goods.  Section 717 of UCC Article 2 provides that "[t]he buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of contract from any part of the price still due under the same contract."[7]  The buyer may thus withhold any amount due under the contract as an offset against damages suffered as a result of the seller's breach.[8]

For the purposes of the Motion for Partial Summary Judgment, the Court finds that genuine issues of fact include the following: (1) whether the Xerox machines were nonconforming under the contract; (2) whether the manner of delivery by Defendant complied with the contract; and (3) the value of the Xerox machines upon delivery to Plaintiff.  The Court also finds that these facts are all material to the question of whether Defendant is entitled to any further compensation for delivery of the Xerox machines.  Accordingly, summary judgment is inappropriate.

---

[5]Utah Code Ann. § 70A-2-105 ("Goods" are "all things . . . which are movable at the time of identification to the contract for sale.")

[6]Utah Code Ann. § 70A-2-102; *Cook Associates, Inc. V. Warnick*, 664 P.2d 1161 (Utah 1983).

[7]Utah Code Ann. § 70A-2-717.

[8]*Ohline Corp. v. Granite Mill*, 849 P.2d 602, 605-06 (Utah Ct. App. 1993).

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 61) is

DENIED.

DATED   January 15, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge